Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
XPOSURE PHOTO AGENCY INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XPOSURE PHOTO AGENCY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> CHRISTOPHER BROWN, <br><br> *Defendant.* | Case No.: 2:23-cv-10103 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> *Jury Trial Demanded* |

Plaintiff Xposure Photo Agency Inc., for its Complaint against Defendant Christopher Brown, alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff*

2. Plaintiff Xposure is a corporation organized and existing under the laws of the State of California with a principal place of business in Beverly Hills, California.

3. Xposure is a global premier celebrity news and photo agency that provides the world's news outlets with real-time content from top photographers. Xposure also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4. Xposure licenses photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. Xposure conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

*Defendant*

6. Defendant Brown is well-known American singer, songwriter, rapper, and actor.

7. On information and belief, Brown operates, or is otherwise responsible for the content of, the social media account @chrisbrownofficial on Instagram.

*Personal Jurisdiction and Venue*

8. On information and belief, Brown is a resident of Los Angeles, maintaining a primary residence in Tarzana, in this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

**BACKGROUND FACTS**

10. Xposure owns and holds the copyright to a photographic image (the "Image"), that depicts Brown out in public in blue pants and a cream-colored cardigan. The Image was registered with the U.S. Copyright Office as Reg. No. VA 2-239-789 (eff. Jan. 5, 2021).

11. Plaintiff never licensed the Image to Brown. Nevertheless, Brown used the Images without authorization or permission to do so.

12. Specifically, Brown or someone acting on his behalf copied the Images from Internet sources—on information and belief including legitimate licensees of Plaintiff—and displayed the Image on his social media account @chrisbrownofficial on Instagram.

### *Defendant's Infringement Harmed Plaintiff*

13. The Image is creative, distinctive, and—as evidenced by Brown's misappropriation of it—valuable. Because of the Image's quality, visual appeal, and celebrity subject matter, Plaintiff stood to gain revenue from licensing them.

14. But Brown's unauthorized use of the Images harmed the existing and future market for the Images. Brown's social media posts made the Image immediately available to his millions of followers and to the public, including consumers of entertainment and fashion news—and especially news and images of Brown himself—who would otherwise be interested in viewing licensed versions of the Image in the magazines, newspapers, and online publications that are Plaintiff's customers.

15. Brown's unauthorized use of the Images also harms Plaintiff's business model by driving down the prices for legitimately licensed celebrity images and driving away Plaintiff's actual and potential customers. Plaintiff's customers—among them, media companies who compete with defendants and, unlike them, pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on the websites of their competitors.

### *Facts Supporting a Finding of Willfulness*

16. As a musician, Brown operates in an industry in which copyrights are prevalent and well understood. Based on that knowledge, among other things, Brown was aware of the importance of copyright protection and knew

that he needed to have but did not have permission to use the Image, and/or he acted recklessly by posting the Image without determining the right to do so.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

17. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

18. Plaintiff is the copyright owners of the protected Image named above in this Complaint.

19. Brown has reproduced, displayed, or otherwise copied the Image without plaintiff's authorization or license.

20. The foregoing acts of Brown infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

21. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

22. Plaintiff suffered damages as a result of defendant's unauthorized use of the Image.

23. Having timely registered its copyright in the Image, Plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered.

24. Plaintiff alleges, on information and belief, that Brown's actions were intentional or in reckless disregard of Plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful

infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

25. In the alternative, Plaintiff is entitled to recovery of its actual damages and Brown's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

26. Within the time permitted by law, Plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

27. Plaintiff are also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following:

A. For a preliminary and permanent injunction against Defendant and anyone working in concert with them from further copying or displaying the Images;

B. For an order requiring Defendant to account for their profits and any damages sustained by Plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Image used in violation of Plaintiff's copyrights—including digital copies or any other means by which they could be used again by Defendant without Plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Image or, where applicable and at Plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs, expert witness fees, and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: November 30, 2023  Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:    /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiffs
XPOSURE PHOTO AGENCY INC.